# THE ATTORNEY GENERAL
## OF TEXAS
GROVER SELLERS



Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Mr. Isbell:

Opinion No. O-7383
Re: Authority of a foreign corpora-
tion as testamentary trustee of prop-
erty in Texas to carry out the terms
of the trust without a permit to do
business in Texas.

You request our opinion upon the above stated subject matter in the following letter:

"We hand you herewith a photostatic copy of a letter received in this office on August 22nd from the law firm indicated on such letter, togeth-er with a photostatic copy of a will, the same being referred to in such letter.

"You will note from the facts outlined in such letter and from the will that such will establishes atrust, part of which such trust constists of real property located in Houston, Texas. The trustee appointed by such will is the American Trust Company, a Clifornia corporation, which does not have a permit to do business in Texas from this office or from any other Texas authority.

"We are of the opinion that it is not necessary for this California cor-poration to qualify with this office or with any other Texas authority in order to administer the trust set up in such will.

"Will you, therefore, please advise us as to whether or not under the facts stated in such letter and under the provisions of such will, it is necessary for this California corporation to qualify under the Texas statutes, and if so, under which such statute?"

A letter from Messrs. Kayser, Liddell & Austin, which accompanies your request, is as follows:

"In accordance with our telephone conversation of today relative to the necessity of a foreign corporation's qualifying under Texas laws to do business in this state before acting as trustee under a will, and your desire to submit the question to the Attorney General before answering, we are herewith submitting a copy of the will in question which contains the entire trust instrument.

"The facts are as follows:  The American Trust Company, the Trustee appointed by the will, is a California corporation having no permit to do business in Texas.  The Testatrix, Theophile Lippet, is dead, and the condition expressed in the will upon which the trust is to become effective, the death of Ignatz Lippet Dienstag without living heir or heirs of his body, has been met, Dienstag having survived the Testatrix and later having died under the conditions indicated, and the American Trust Company is now seeking to obtain possession and control of the Trust Property in order to act as Trustee under the terms of the will.  The Trust property consists of a 50' x 100' tract of land located in the downtown area of Houston on which is situated a three story building.  The property is under a 99 year lease, executed in 1910, providing an annual rental of $4,000.00 per year.

"We should like to know whether the American Trust Company must qualify under Texas laws before acting as Trustee, and, if so, under what statute or statutes."

The provision of the will creating the trust is as follows:

"Third:  I give, devise and bequeath to my beloved son, Ignatz Lippet Dienstag, that certain real property owned by me and situation in the City of Houston, State of Texas, and being designated as the North half of lots 9 and 10 block 55.  S.S.R.R. at the corner of San Jacinto Street and Prairie Avenue,  in said City of Houston, during the term of his natural life and upon his death to any heir or heirs of his body in equal portions, share and share alike.

"If, upon the deaty of my said son, there shall be no heir or heirs of his body living, thereupon and in that event and in memory of my beloved brother Max Dienstag, I hereby give, devise and bequeath the said last mentioned property, and the whole thereof, to the American Trust Company of San Francisco, a corporation, in trust, however, for the following purposes, to-wit:

"To receive the rents, issues, profits and income of the said Trust Estate and perpetually to distribute such rents, issues, profits and income twice a year and in equal portions to

     I.    The National Jewish Hospital for Consumptives, Denver, Colorado.

     II.   The Pacific Hebrew Orphan Asylum and Home Society of San Francisco, California.

     III.  The Hadassah and the Zionist Organization of San Francisco, California,

respectively and by the said respective charities and each of them to be used for chairtable purposes.  And I hereby give unto the said Trustee, the American Trust Company of San Francisco, California, full power and authority to manage, control and deal in and with the said Trust property, in its discretion, for the purpose of the said Trust, subject only to such restrictions as may be imposed upon the said Trustee by law.  And I direct that the said Trust shall

always be known and designated as 'The Dienstag Trust.'"

No foreign corporation may carry on its corporate business in this State without a permit to do so.

We are of the opinion that the execution of this trust would be the carrying on of business within this State. It necessarily concerns real estate within the State, and, moreover, the nature of the trust is such that the acts of the trustee in large measure must necessarily be performed in Texas.

We have statutes authorizing our State banks and trust companies to act as trustees, and likewise authorizing other corporations to act as trustee in any duly established trust, notably subdivision 49 of Article 1302 of the Revised Civil Statutes authorizing corporations. Furthermore, the Legislature has recently enacted a comprehensive bill regulating trusts. (Article 7425b, R.C.S., Vernon's Codification).

The things to be done by the testamentary trustee in executing the trust would be precisely the things that a Texas trustee would be required or authorized to do, and necessarily, we think, would be the doing or transacting of the trust business in Texas, requiring a permit.

Corpus Juris Secundum thus states the rule in compendium form:

"The general rule is that, when a foreign corporation transacts some substantial part of its ordinary business in the State, continuous in character, it is doing, transacting, carrying on, or engaging in business therein, within the meaning of the statutes under consideration." Vol. 20, p. 46, § 1829.

The same authority further says:

"A foreign trust company is doing business within the state where it seeks to exercise active powers under the trust deed or other instrument, unless its acts are more incidental or isolated transactions. . . ." - Vol. 20, p. 62, § 1842.

We think the case of Michigan Trust Company et al v. Turney, 36 S.W. (2) 787, clearly comes within the general rule above quoted from Corpus Juris Secundum, making the rule a part of the jurisprudence of this State. In the course of the opinion Justice Higgins said:

"The Michigan Trust Company is a foreign corporation without a permit to do business in Texas. In the discharge of its duties as executor and in carrying out the terms of the trust as provided in the will, it must necessarily, for a term of years, have assumed active management and control of the business properties in El Paso. Clearly, it would have been necessary for it to transact business in this state over a term of years which it could not lawfully do except by filing with the secretary of state a duly certified

copy of its articles of incorporation, etc., as required by article 1529, R. S.; Pennsylvania Co., etc., v. Bauerle, 143 Ill. 459, 33 N. E. 166; Michigan Trust Co. v. Bronson, 192 Cal. 506, 221 p. 628."

We think, therefore, that the American Trust Company will be required to have a permit to do business in this State before it may lawfully transact its corporate business in this State by executing the trust committed to it.

We are not advising as to the terms of such permit, and, of course, express no opinion as to the validity or construction of the trust involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer

Ocie Speer
Assistant

APPROVED SEP 14, 1946
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR:egw

Approved
Opinion Committee
By B W B
Chairman